FILED
2026 Sep-14 PM 01:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID WELCH HAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-1868-GMB |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

On August 15, 2022, Plaintiff David Welch Hay filed an application for a period of disability and disability insurance benefits ("DIB") with an alleged disability onset date of December 6, 2019. Hay's application was denied at the initial administrative level and upon reconsideration. He then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing by telephone on January 2, 2025, and denied Hay's claims on June 20, 2025. Hay requested a review of the ALJ's decision by the Appeals Council, which declined review on September 8, 2025. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration ("Commissioner") as of September 8, 2025.

Hay's case is now before the court for review pursuant to 42 U.S.C. § 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a United States

Magistrate Judge. Doc. 13. Based on a review of the parties' submissions, the relevant law, and the record as a whole, the decision of the Commissioner is due to be affirmed.

## I. STANDARD OF REVIEW[1]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the [Commissioner's] factual findings, [the court] must affirm if the decision reached is supported by substantial evidence."

[1] In general, the legal standards are the same whether a claimant seeks DIB or supplemental security income ("SSI"). However, separate parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in excerpted court decisions.

*Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing is "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 374–75 (11th Cir. 2007) (citing *Keeton v. Dept. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the

Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Hay bears the burden of proving that he is disabled and is responsible for producing evidence sufficient to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

(1) Is the claimant presently unable to engage in substantial gainful activity?
(2) Are the claimant's impairments severe?
(3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his former occupation?
(5) Is the claimant unable to perform other work given his residual

functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability. A negative answer to any question, other than [at] step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)–(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the [Commissioner] to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985)).

## III. RELEVANT FACTUAL BACKGROUND

Hay was 29 years old at his alleged onset date of December 6, 2019. R. 42–43, 186, 204. In his disability report, he alleged that the following conditions limited his ability to work: multiple shoulder and ankle surgeries; "htn"; diabetes II; asthma; diabetic polyneuropathy in his feet, lower legs, and hands; degenerative disc disease; lumbar and cervical stenosis; thrombocytopenia; arthritis; and depression. R. 241. He completed the 10th grade in school and has worked as a steel fabricator. R. 242–43.

At the hearing, Hay testified that his knee, back, neck, and shoulder prevent

him from working. R. 46. Hay said that he cannot stand for longer than 15 minutes or walk more than 20 feet.[2] R. 47–49. He explained that his feet and back hurt when he walks 10 feet, and his legs give out and he has to sit for at least 25 minutes if he walks more than 20 feet. R. 48–49.

Hay also testified about his daily pain. When the ALJ asked about a pain management specialist, Hay said that even with the treatment "the pain's not going nowhere. We can ease the pain up, but it has not gone nowhere. The pain is still here." R. 50. The pain is so severe that Hay wears his pajamas all day instead of getting dressed approximately five days per week. R. 55.

Hay lives with his wife. R. 43. Although he has a driver's license and can drive a car, he rarely leaves the house. R. 43 & 52. He can dress himself without assistance but his wife washes his hair and feet because he cannot reach his arms above his shoulder height. R. 51. Hay can bend down and reach for something if it falls on the floor. R. 57. He initially testified that he cannot cook a simple meal or make a sandwich but then stated that he can heat his own meals in the microwave. R. 52–53. Hay spends most of the day sitting on the couch watching television. R. 53 & 56.

The ALJ issued his decision on January 15, 2025. R. 31. Under step one of

[2] Hay later stated that he could walk 50 feet. R. 49.

the five-step evaluation, he found that Hay had not engaged in substantial gainful activity from December 6, 2019, through December 31, 2024, his last date insured. R. 20. At step two, the ALJ concluded that Hay suffers from the severe impairments of obesity, degenerative disc disease, degenerative joint disease of the left knee, osteoarthritis, diabetes mellitus with neuropathy, and asthma.[3] R. 20. The ALJ noted that these medically determinable impairments cause significant limitations in Hay's ability to perform basic work activities. R. 20. At step three, however, the ALJ found that Hay does not have an impairment or combination of impairments that meets or medically equals the severity of one of those listed in the applicable regulations. R. 24.

Before proceeding to the fourth step, the ALJ determined that Hay had the residual functional capacity ("RFC") to perform a full range of light work as defined by 20 C.F.R. § 404.1567(b) with the following nonexertional limitations:

> The claimant could occasionally climb ramps or stairs but could never climb ladders, ropes, or scaffolds. The claimant could occasionally balance, stoop, kneel, crouch, or crawl and could occasionally be exposed to extreme cold, extreme heat, excessive irritants, such as fumes, odors, dust, and gases, poorly ventilated areas, and chemicals as defined in the Selected Characteristics of Occupations of the Dictionary of Occupational Titles. The claimant could not be exposed to excessive vibration or workplace hazards such as moving mechanical

[3] The ALJ also found the following non-severe impairments: essential hypertension, degenerative joint disease of the right shoulder, thrombocytopenia, hypokalemia, hepatic steatosis, gastroesophageal reflux disease, abdominal hernia, and depression. Hay does not challenge this finding. Doc. 14.

parts and high, exposed places.

R. 23. At the fourth step, the ALJ determined that Hay was unable to perform any past relevant work. R. 29. At the fifth step, the ALJ considered Hay's age, education, work experience, and RFC in determining that there are jobs that exist in significant numbers in the national economy that he can perform, including work as a marker, mail clerk nonpostal, and storage facility rental clerk. R. 29–30. Therefore, the ALJ concluded that Hay was not under a disability as defined by the Social Security Act from December 6, 2019, through December 19, 2024, the date last insured. R. 31. Based on these findings, the ALJ denied Hay's application. R. 31.

## IV. DISCUSSION

Hay raises one issue before this court—whether the ALJ properly considered his subjective complaints in formulating his RFC. Doc. 14 at 5–25. The Commissioner argues that the ALJ properly assessed the intensity and persistence of Hay's symptoms in determining that his subjective allegations were inconsistent with the objective medical evidence, his own reports of the efficacy of pain management treatment, and prior administrative medical findings. Doc. 15. The court agrees with the Commissioner.

In determining whether a claimant is disabled, the ALJ considers all

symptoms, including pain, "and the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). An individual's statements about his pain, standing alone, are not conclusive evidence of disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(a), 416.929(a). Instead, to establish a disability based on testimony of pain and other symptoms, a claimant must show "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). The ALJ then determines the extent to which the intensity, persistence, and limiting effects of the symptoms affect the claimant's capacity to perform work activities. 20 C.F.R. §§ 404.1529(c), 416.929(c).

An ALJ should "consider all of the available evidence from [a claimant's] medical sources and nonmedical sources about how [the] symptoms affect [a claimant]." 20 C.F.R. § 416.929(c)(1). The ALJ may rely on medical opinions when evaluating a claimant's subjective complaints and should "carefully consider any other information [a claimant] may submit about [his] symptoms." 20 C.F.R.

§ 416.929(c)(1)–(3). The ALJ may reject testimony about subjective complaints, but that rejection must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). In considering a claimant's subjective complaints, the ALJ should evaluate whether any inconsistencies exist in the evidence and the extent to which any conflicts exist between a claimant's statements and the rest of the evidence. 20 C.F.R. § 416.929(c)(4).

Here, substantial evidence supports the ALJ's conclusions about Hay's testimony. The ALJ found that Hay's medically determinable impairments could reasonably be expected to cause his alleged symptoms. However, he concluded that Hay's statements about the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the evidence in the record.

In support, the ALJ detailed the objective medical evidence in the record that rebuts Hay's subjective complaints, which includes a series of relatively normal objective findings. *See* 20 C.F.R. § 416.929(c)(3)(i) (stating that the ALJ properly considers consistency with objective medical evidence when evaluating subjective symptoms). Specifically, despite Hay's testimony of extreme limitations, the ALJ noted that his medical examinations documented full range of motion and no tenderness in his neck (R. 461 & 477); a normal range of motion, motor strength, and sensation in his lumbar spine (R. 2451); and mild knee limitations following

knee surgery after an injury. R. 1662, 1667–69, 1682 & 1690. Likewise, the ALJ relied on Hay's reports to his physicians that he was doing well and stable with medication. R. 2449 & 2451.

The ALJ also considered Hay's daily activities in evaluating his subjective complaints. Notwithstanding Hay's testimony about his limited daily activities, the ALJ credited Hay's wife's reports that he could prepare food, do housework, mow the lawn, drive, and shop. R. 22, 215–18. Although not dispositive, a claimant's activities may indicate that the claimant's symptoms are less limiting than alleged. *See* 20 C.F.R. § 416.929(c)(3)(i); SSR 16-3p.

In addition, the ALJ considered that Hay's treatment history is inconsistent with and does not support his disabling pain allegations. *See* 20 C.F.R. § 416.929(c)(3)(iv) (stating that the ALJ properly considers the effectiveness of a claimant's medication and treatment during the relevant period). An ALJ may rely on statements that a claimant makes to medical providers in discounting his subjective complaints of pain. *See Colwell v. Comm'r of Soc. Sec.*, 2021 WL 3447640, at *2 (11th Cir. Aug. 6, 2021). For example, despite Hay's claim that his treatment did not reduce his pain, he reported to his medical providers that the treatment reduced his pain from 8/10 to 3/10 and that he was doing well and stable with medication. R. 502, 510, 2384–401, 2449, 2451. And although the ALJ did

not discuss every instance in which Hay reported subjective pain during his appointments, the ALJ discussed his pain management regimen and considered his improvement with treatment. R. Tr. 21–22, 24–26. This is sufficient since "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," as long as the ALJ considered the claimant's condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *see also Brito v. Comm'r, Soc. Sec. Admin.*, 687 F. App'x 801, 804 (11th Cir. 2017) ("Although [the claimant] points to other evidence in the record that was consistent with her hearing testimony and to which the ALJ did not specifically refer in making her credibility determination, the ALJ was not required to examine or reference every piece of evidence, so long as it is evident, as it is here, that the ALJ considered [her] medical condition as a whole.").

The ALJ further supported his assessment of Hay's subjective complaints when he discussed the prior administrative medical findings of state agency consultants.[4] R. 70–72, 83–86; *see* 20 C.F.R. § 416.929(c)(3) (explaining that ALJs may consider medical opinions and prior administrative medical findings in evaluating subjective complaints); *see also Markuske v. Comm'r Soc. Sec.*, 572 F.

---

[4] Although the ALJ found that Hay had additional limitations based on later evidence, his discussion of these prior administrative medical findings lends further support to the decision to discount Hay's subjective complaints.

App'x 762, 766–67 (11th Cir. 2014) (finding that the ALJ's discussion of objective medical evidence in the record provided "adequate reasons" for the decision to partially discredit the claimant's subjective complaints of pain); *Reeves v. Astrue*, 238 F. App'x 507, 514 (11th Cir. 2007) (holding that the ALJ did not err where the record did not support the claimant's subjective testimony of pain and fatigue). Accordingly, substantial evidence supports the ALJ's subjective statements assessment. *See Dyer*, 395 F.3d at 1212 (holding that a court commits reversible error by disturbing an ALJ's adequately explained subjective symptom determination).

While Hay points to other evidence to support his subjective determinations, the court cannot accept his invitation to re-weigh the evidence before the ALJ. As explained above, the role of a reviewing court under 42 U.S.C. § 405(g) is limited to determining whether there is substantial evidence in the record as a whole to support the decision. The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," and it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles*, 84 F.3d at 1400 (internal quotation marks omitted). As long as the ALJ's decision is supported by substantial evidence and based upon a correct application of the law, as it is in this case, the decision is entitled to deference and should be affirmed.

*See Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

## V. CONCLUSION

For these reasons, the court concludes that the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards. Therefore, the decision of the Commissioner is due to be affirmed. A final judgment will be entered separately.

DONE and ORDERED on September 14, 2026.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE